[Cite as *State v. Franklin*, 2018-Ohio-4687.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     28983 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| GARY J. FRANKLIN | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR-2017-03-0965 |

DECISION AND JOURNAL ENTRY

Dated: November 21, 2018

CALLAHAN, Judge.

**{¶1}** Appellant, Gary Franklin, appeals his convictions by the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶1}** On January 27, 2017, a man approached Akron Police Officer Paul Hill during his patrol and informed him that he had been shot. As Officer Hill talked with the man, who did not display any obvious injuries, the man became louder and increasingly excited, insisting that he had, in fact, been shot. When Officer Hill expressed disbelief, the man showed him that he had two bullet wounds in his left leg and one in his right leg. The shooting victim continued to become more agitated as Officer Hill sought information about the shooting while they waited for medical assistance to arrive, expressing disbelief that Mr. Franklin, whom he first identified as his "cousin Boo Boo," shot him.

{¶2} When shown a picture of Mr. Franklin in the emergency room, the victim identified him as the shooter. Mr. Franklin turned himself in to police in response to a warrant that issued for his arrest, and he was charged with two counts of felonious assault in violation of R.C. 2903.11(A)(1) and R.C. 2903.11(A)(2), respectively; having a weapon under disability in violation of R.C. 2923.14, and escape in violation of R.C. 2921.34(A)(1). The two charges of felonious assault were each accompanied by a firearm specification as provided in R.C. 2941.145. Mr. Franklin pleaded guilty to escape before trial began; a jury found him guilty of the remaining charges. The trial court merged the two convictions for felonious assault and the accompanying firearm specifications for purposes of sentencing and sentenced Mr. Franklin to an aggregate prison term of eight years and nine months. Mr. Franklin filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED IN OVERRULING GARY FRANKLIN'S MOTION FOR DIRECTED VERDICT.

**ASSIGNMENT OF ERROR NO. 2**

THE GUILTY VERDICTS FOR FELONIOUS ASSAULT, GUN SPECIFICATION AND [HAVING A] WEAPON UNDER DISABILITY WERE AG[A]INST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶3} Mr. Franklin's first assignment of error challenges the sufficiency of the evidence supporting his convictions. The substance of each of his assignments of error, however, is that his convictions are against the manifest weight of the evidence because the evidence at trial that identified him as the shooter is not credible.

{¶4} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶5} The identity of a perpetrator must be proved by the State beyond a reasonable doubt. *State v. Flynn*, 9th Dist. Medina No. 06CA0096-M, 2007-Ohio-6210, ¶ 12. As with any element of an offense, identity may be proved by direct or circumstantial evidence, which do not differ with respect to probative value. *State v. Gibson*, 9th Dist. Summit No. 23881, 2008-Ohio-410, ¶ 8.

{¶6} Officer Hill testified that the victim identified his "cousin" as the shooter and provided the cousin's first and last names. Sergeant Forney testified that when he heard radio traffic that provided the shooter's name, he located a photograph of that individual and proceeded to the hospital in the hope that the victim could identify the shooter from the photograph. Within half an hour of arriving in the emergency room, the victim identified the person in the picture as the shooter and provided Mr. Franklin's full name to police. At trial, the defense stipulated that Mr. Franklin is the man pictured in the photograph.

{¶7} Mr. Franklin argues that the evidence that pointed to him as the shooter is not credible because the victim's identification of him was introduced as admissible hearsay, the victim may have been under the influence of alcohol, and the only eyewitness to the shooting did not describe him accurately. This Court does not agree.

{¶8} The victim identified Mr. Franklin as the shooter to Officer Hill, to whom the victim initially reported the shooting, and Sergeant Gerald Forney, who asked the victim to identify Mr. Franklin from a photograph shortly after he arrived in the emergency room. Officer Hill testified that the victim was increasingly excited and "expressive" as he talked about the shooting. Sergeant Forney explained that the victim seemed "animated," "upset," and "shocked * * * that he was shot by his cousin." The trial court admitted these statements, without objection, as excited utterances pursuant to Evid.R. 803(2)—"statement[s] relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Contrary to Mr. Franklin's argument, such statements are admissible, although hearsay, because they are considered "inherently reliable." *State v. Ducey*, 10th Dist. Franklin No. 03AP944, 2004-Ohio-3833, ¶ 17, citing *State v. Taylor*, 66 Ohio St.3d 295, 300 (1993). Consequently,

> When qualified as an excited utterance, an out-of-court statement is deemed at least as reliable as it would be if elicited from the declarant testifying in person. McCormick, Evidence (3 Ed. 1984) 753, Section 253. A statement admitted as an excited utterance is reliable for it resulted from a startling event and was made without deliberation or forethought.

*State v. Rodriguez*, 9th Dist. Lorain No. 89CA004507, 1989 Ohio App. LEXIS 3600, * 6 (Sept. 20, 1989).

{¶9} Mr. Franklin's contention that the victim's excited utterances lack credibility because he might have been intoxicated is not supported by the record. Various witnesses placed the time of the events in question between noon and 1:30 p.m. and, as Mr. Franklin points out, the victim told Officer Hill that he had consumed a beer that morning. Officer Hill also testified, however, that the victim seemed coherent, that he spoke in complete sentences, that he made sense, and that he could both walk and stand on his own, his injuries notwithstanding. Officer

Hill recalled that he did not smell anything on the victim's person that might indicate that he was intoxicated.

{¶10} Mr. Franklin's argument that the eyewitness to the shooting provided a different physical description of the shooter is also unpersuasive. The only eyewitness to the shooting was a man who had been painting the porch of a residence on Oakdale Avenue on the day of the shooting. The witness testified that he witnessed an argument between several men outside the house that escalated until he heard gunfire. He recalled that the shooter ran away from the scene then jumped into a white car. He testified that the victim made a phone call in which he identified the shooter as his cousin.

{¶11} The witness testified that the shooter was "black and he had blue jeans * * * hanging down" and that he was nineteen or twenty years old and "skinny." The eyewitness recalled that the shooter "wasn't short" and estimated his height to be taller than his own of five feet, seven inches. The eyewitness acknowledged that he provided a description of the shooter to police, but also took care to emphasize that he only saw the shooter from the rear as he fled the scene, that he did not see the shooter's face, and that he was not wearing his glasses at the time. The eyewitness's testimony about the victim, however, was unequivocal: he recognized the victim from his worksite, and his testimony demonstrated that the shooting victim identified by Officer Hill was the same victim involved in the shooting on Oakdale Avenue on the date in question. As described above, the victim identified Mr. Franklin with certainty.

{¶12} This is not the exceptional case in which the evidence at trial weighs heavily against the conviction. Mr. Franklin's assignments of error are overruled.

6

### III.

**{¶13}** Mr. Franklin's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

BRIAN J. WILLIAMS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.